UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH LENK,<br><br>            Plaintiff,<br><br>    v.<br><br>SEMICONDUCTOR COMPPONENT INDUSTRIES, LLC,<br><br>            Defendant. | Case No.  20-cv-08099-VKD<br><br>**ORDER RE PLAINTIFF'S REQUEST FOR RECONSIDERATION**<br><br>Re: Dkt. No. 9-3 |

On  November 16, 2020, pro se plaintiff Kenneth Lenk filed a complaint and application to proceed *in forma pauperis* ("IFP").  Dkt. Nos. 1, 2.  On November 18, 2020, the Court denied Mr. Lenk's IFP application and ordered him to pay the full filing fee by December 2, 2020.  Dkt. No. 5.  On December 22, 2020, the Clerk of the Court issued a notice of non-payment and extended the deadline to pay the filing fee to January 5, 2021.  Dkt. No. 8.  Instead of paying of the filing fee, Mr. Lenk moved for reconsideration of the Court's order denying IFP status on January 4, 2021.  Dkt. No. 9-3.

Under Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment.  Civ. L.R. 7-9(a).  "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  Civ. L.R. 7-9(a).  Mr. Lenk did not seek leave of the Court to file his motion.  Nevertheless, in view of Mr. Lenk's pro se status, the Court will consider his motion on the merits.

"A district court may properly reconsider its decision if it (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3)

1  if there is an intervening change in controlling law. . . . Clear error occurs when the reviewing
2  court on the entire record is left with the definite and firm conviction that a mistake has been
3  committed." *Smith v. Clark Cnty. School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School
4  Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *United States v. U.S. Gypsum Co.*,
5  333 U.S. 364, 395 (1948)) (internal quotations and citations omitted).

6  Mr. Lenk says that since the Court denied his IFP application, his $100 monthly state
7  unemployment benefits due to COVID-19 have ceased.  Dkt. No. 9-3 ¶ 12.  He identifies no other
8  changes in the financial circumstances upon which the Court relied in its original decision,
9  including ownership of significant assets.  Based on Mr. Lenk's representation that he no longer
10 receives any income, the Court will only require him to pay $50 instead of the full $402 filing fee.

11 Mr. Lenk also advises the Court that he did not receive timely notice of the Court's order
12 denying his application or the Clerk's Notice asking him to file a consent or declination to
13 magistrate judge jurisdiction.  The Court will extend the deadline for Mr. Lenk to file a consent or
14 declination.

15 Accordingly, the Court orders as follows:
16   1. Mr. Lenk must pay a one-half filing fee of $50 by **February 5, 2021**.
17   2. Mr. Lenk must file a consent or declination to magistrate judge jurisdiction by
18      **February 5, 2021**.

19 The Court encourages Mr. Lenk to seek out the assistance of the Federal Pro Se Program,
20 which offers free legal information for pro se litigants.  While the Program does not provide legal
21 representation, a licensed attorney may assist Mr. Lenk.  The Program's phone number is (408)
22 297-1480.  More information on the Program is available on the Court's website at
23 https://cand.uscourts.gov/helpcentersj.

24 Mr. Lenk may also wish to consult a manual the Court has adopted to assist pro se litigants
25 in presenting their case.  An online version of the manual, as well as other free information for pro
26 se litigants, is available on the Court's website at https://www.cand.uscourts.gov/pro-se-litigants/.
27 ///
28 ///

**IT IS SO ORDERED.**

Dated: January 6, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge