UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KENNETH LENK,<br><br>    Plaintiff,<br><br>v.<br><br>SEMICONDUCTOR COMPONENT INDUSTRIES, LLC,<br><br>    Defendant. | Case No.   20-cv-08099-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>Re: Dkt. No. 25 |

*Pro se* Plaintiff Kenneth Lenk brings this action against Defendant Semiconductor Component Industries, LLC ("ON") for alleged age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") as well as California and Arizona state laws. Lenk requests monetary damages, reasonable attorney's fees, exemplary or punitive damages, and an injunction to prevent ON from continuing their allegedly discriminatory practices. Presently before the Court is Defendant's Motion to Transfer the case to the District of Arizona pursuant to 28 U.S.C. § 1404(a). Defs.' Mot. to Transfer ("Mot."), Dkt. No. 25. Plaintiff opposes the motion to transfer. For the reasons stated below, the Motion is GRANTED.

**I.  BACKGROUND**

    **A.  Factual Background**

Plaintiff is an adult male who was over 40 years old at all times relevant to this complaint. Compl., Dkt. No. 1 ¶ 9. Plaintiff was domiciled in Santa Clara County, California until June 2013 when he moved in his current place of domicile in Maricopa County, Arizona. *Id.* ON is a limited liability company organized under the laws of the state of Delaware with its headquarters located

in Phoenix, Arizona. Answer to Compl., Dkt. No. 15, ¶ 10. Plaintiff alleges that he was qualified for and applied to seven employment positions at ON between May 2013 and September 2020, but ON repeatedly failed to hire him because of his age. *See generally* Compl.

In May 2013, while he was still domiciled in California, Plaintiff applied for a Business Unit Director–Power Management position at ON. *Id*. ¶¶ 14. He was interviewed over the phone and in person before ON declined to hire him. *Id*. ¶¶ 15-20. Plaintiff moved to Arizona in July 2013. *Id*. ¶ 9. He alleges that between June 2019 and September 2020 he applied online for 6 positions at ON that matched his qualifications: a Director of Product Marketing position in California and in Arizona on June 2, 2019 (*id*. ¶¶ 46, 48); a Chief of Staff position in Arizona on June 14, 2019 (*id*. ¶¶ 66, 68); a Senior Manager Applications position in Arizona on July 9, 2019 (*id*. ¶¶ 78, 81); a Senior Business Marketing Manager position in California on September 9, 2019 (*id*. ¶ 91-92); and a Director of Business Marketing–Automotive position in California on September 23, 2020. *Id*. ¶¶ 133-134. Plaintiff was rejected by ON for all six positions without being interviewed. *See generally*, Compl. Plaintiff alleges that he discovered ON might be discriminating against him because of his age in June 2019 (*id*. ¶ 146), but continued to apply for positions because he "was completely surprised by the [rejections] and wanted to see how he would be treated." *Id*. ¶ 66.

On December 17, 2019, Plaintiff filed Arizona Civil Rights complaint #CRD-2019-0999 (EEOC #35A-2020-00161) (the "Arizona Charge") alleging age discrimination in violation of the Arizona Civil Rights Act.[1] *Id*. ¶ 117. He received a notice of dismissal and right to sue letter on August 25, 2020. *Id*. ¶ 157. Plaintiff sent ON a demand letter on September 10, 2020, which cited the 2013 and 2019 rejections as the basis of Plaintiff's discrimination claims. Fagan Decl., Dkt. No. 25-1, Ex. C ("I have been harmed by the illegal employment age discrimination actions from May 24, 2013 up to the date of receipt of 25 August 2020 right to sue letter"). Plaintiff then filed

---

[1] The Arizona charge lists the June 2, June 14, July 9, and September 9 application rejections as violations of the Arizona Civil Rights Act. Fagan Decl., Dkt. No. 25-1 ¶ 7, Ex. A. This contradicts the complaint which states that the application submitted on September 9 was for a position located in California. Compl. ¶ 91.

Case No.: 20-cv-08099-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE
2

United States District Court
Northern District of California

1   a charge with the California Department of Fair Employment and Housing on October 9, 2020.[2]

2   Compl. ¶ 139.

### B.     Procedural History

Plaintiff filed the complaint accompanied by a motion for leave to proceed *in forma pauperis* on November 16, 2020.  *See* Compl.; Mot. for Leave to Proceed *in Forma Pauperis*, Dkt. No. 2.  The Court issued an order denying Plaintiff's motion on November 18, 2020.  *See* Order Denying Mot. to Proceed *in Forma Pauperis*, Dkt. No. 5.  On March 5, 2021, ON filed its answer to the complaint.  Answer to Compl., Dkt. No 15.  ON filed the present motion on April 9, 2021 (*see* Mot.), which was followed by a reply on April 30, 2021.  *See* Reply in Supp. of Mot. ("Reply iso Mot."), Dkt. No. 26.   Plaintiff filed an untimely opposition on May 18, 2021.  *See* Opp'n. to Mot. ("Opp'n."), Dkt. No. 27.

## II.    LEGAL STANDARD

A court may transfer an action to another district where the action might have been brought for the convenience of the parties, the convenience of the witnesses, and in the interest of justice. 28 U.S.C. § 1404(a).  The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

To determine whether transfer is appropriate, the court first examines whether the action could have been brought in the district to which transfer is sought.  *See Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district." (internal quotation marks and citations omitted)).  If the proposed district is a viable one, the court then goes through an "individualized, case-by-case consideration of convenience and fairness."  *Van Dusen*, 376 U.S. at 622.

---

[2] Defendant notes that it was only after receiving the notice of dismissal on the Arizona charge and sending Defendant the demand letter that Plaintiff submitted the September 23, 2020 application for the Director of Business Marketing position in California.  Defendant argues that this was an artificial attempt to establish a California venue.  Mot. ¶ 2.

Case No.: 20-cv-08099-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE
3

The other factors considered in determining whether transfer is appropriate include: (1) the plaintiff's choice of forum, (2) the convenience of the parties, (3) the convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consideration of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *Barnes & Noble v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000)). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. C-08-1339-CW, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 639 (9th Cir. 1988)). Further, "[t]he burden is on the party seeking transfer to show that when these factors are applied, the balance of convenience clearly favors transfer." *Alul v. American Honda Motor Company, Inc.*, No. 16-CV-04384-JST, 2016 WL 7116934 (N.D. Cal. Dec. 7, 2016) (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). A transfer is not appropriate if the result is merely to shift the inconvenience from one party to another. *Van Dusen*, 376 U.S. 645–46.

### III. DISCUSSION

#### A. The Action Could Have Been Brought in Arizona.

Unlike Title VII claims, ADEA claims are subject to the general venue provision set forth in 28 U.S.C. § 1391(b). *See Boudouin v. Dep't of Navy*, No. C-09-4958-SBA, 2010 WL 890042, at *4 (N.D. Cal. Mar. 8, 2010) (citing *Rebar v. Marsh*, 959 F.2d 216, 219 (11th Cir.1992) (applying general venue provision to ADEA)). Under § 1391(b), venue is proper for actions brought in district courts of the United States where (1) a defendant in the action resides, (2) a substantial part of the events giving rise to the claim arose, or (3) the plaintiff resides. *See* 28 U.S.C. § 1391(b). Venue in the District of Arizona would be proper because Plaintiff and Defendant currently reside there. Compl. ¶ 9; Mot. at 1.

Case No.: 20-cv-08099-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE
4

### B. Plaintiff's Choice of Forum is Entitled to Little Deference

ON argues that Plaintiff's choice of forum should be entitled to little deference because he does not currently live in California and he allegedly engaged in forum shopping. Mot. at 2, 4-5. The Court agrees. Although a Plaintiff's choice of forum is typically afforded significant weight when considering a motion to transfer, it will be "given less deference when the plaintiff resides outside of the chosen forum[.]" *Brown v. Abercrombie & Fitch Co.*, No. 4:13–CV–05205-YGR, 2014 WL 715082, at *3 (N.D. Cal. Feb. 14, 2014); *see also PRG-Schultz USA, Inc. v. Gottschalks, Inc.*, No. C-05-2811-MMC, 2005 WL 2649206, at *3 (N.D. Cal. Oct. 17, 2005).

Further, ON has presented some evidence of forum shopping. According to the Ninth Circuit, examples of forum shopping that should afford a plaintiff's choice of forum less deference include: "attempts to win a tactical advantage resulting from local laws that favor the plaintiff's case, the habitual generosity of juries in the United States or in the forum district, the plaintiff's popularity or the defendant's unpopularity in the region, or the inconvenience and expense to the defendant resulting from litigation in that forum." *See Vivendi SA v. T-Mobile USA Inc.*, 586 F.3d 689, 694–95 (9th Cir. 2009) (omitting internal citations). Although Plaintiff provides two legitimate reasons for choosing the California forum (*see* Fagan Decl., Ex. D), he also states three times that his decision to file in the Northern District of California was influenced by his impression that California legal standards were more favorable to his claims. *Id*. ("I expect to be filing at least one claim pursuant to California DFEH law, due to more favorable standards . . . I also believe California standards are more favorable to my disparate impact [ ] arguments"); *Id*., Ex. E. ("I am currently leaning towards a San Jose filing since it is more favorable to my claims"). For the aforementioned reasons, Plaintiff's choice of forum is entitled to little deference.

### C. Private Interest Factors Slightly Favor Transfer.

The second factor weighs in favor of transfer. ON makes a compelling argument that the District of Arizona is a more convenient venue because both parties are residents of Arizona. Mot. at 6. Plaintiff argues that he would be inconvenienced by transfer because he is more familiar with California law. This is not a relevant factor, however, because it amounts to forum shopping.

Case No.: 20-cv-08099-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE
5

Further, this argument is unconvincing in light of Plaintiff's previous experience litigating in Arizona.[3]

The third factor, convenience of the witnesses, is neutral. With respect to witnesses, Plaintiff argues that the most important witnesses (the hiring managers who dealt with his applications) reside in California. Opp'n. ¶ 20. Defendant argues in response that the most important witnesses reside in Arizona because ON's headquarters are located in Phoenix. Mot. at 5-6. However, neither party identifies any witness by name or title. Without more information, the Court cannot make a determination about the comparative convenience of the different venues for relevant witnesses.

Regarding the fourth factor, ease of access to the evidence, Plaintiff contends that all relevant evidence is available via electronic storage methods, and therefore it can be transferred anywhere "without grave inconvenience." Opp'n. ¶ 28. Still, Plaintiff makes no showing that any relevant evidence is located in California. By contrast, Defendant provides a list of the relevant documents that "would be" located at its headquarters in Arizona. Mot. at 6. Although Defendant provides no declaration to support this contention, it is reasonable to assume that "documents pertaining to defendant's business practices are most likely to be found at their principal place of business." *Foster v. Nationwide Mut. Ins. Co*. No. C-07-04928-SI, 2007 WL 4410408, at \*6 (N.D. Cal. Dec. 14, 2007). Accordingly, this factor weighs in favor of transfer.

### D.    Public Interest Factors Weigh in Favor of Transfer.

The fifth factor, familiarity of each forum with the applicable law, is neutral. The ADEA is a federal statute and therefore, a district court in either state would be equally familiar with governing federal law. As to the state law claims, either venue would be required to apply the laws of the other state. Further, "[w]here a federal court's jurisdiction is based on the existence of a federal question, as it is here, one forum's familiarity with supplemental state law claims should

---

[3] Pursuant to *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006), the Court grants ON's request for judicial notice of two previous cases filed by Plaintiff in the District of Arizona (Reply iso Mot. at 3) in which Plaintiff argued that transfer out of the District of Arizona was inconvenient for him due to the cost and inconvenience of travel to California.

Case No.: 20-cv-08099-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE
6

not override other factors favoring a different forum." *Foster*, 2007 WL 4410408, at *6.

As to the sixth factor, feasibility of consideration of other claims, Plaintiff states that he filed in the Northern District of California in order to consolidate all of his claims into one action. Opp'n. ¶ 37. His claims are already consolidated, and therefore this factor is irrelevant.

The seventh factor weighs in favor of transfer. Plaintiff is a citizen of Arizona and Defendant is headquartered in Arizona. Therefore, the District of Arizona has a greater interest in the controversy than California. "Courts have noted that there is in fact a local interest of citizens in deciding matters pertaining to businesses that are headquartered in the state." *Walters v. Famous Transports, Inc.*, 488 F. Supp. 3d 930, 941 (N.D. Cal. 2020) (citing *Rabinowitz v. Samsung Elecs. Am., Inc.*, No. 14-CV-00801-JCS, 2014 WL 5422576, at *7 (N.D. Cal. Oct. 10, 2014)).

The final factor also supports transfer because the District of Arizona is comparatively less congested than the Northern District of California. As Defendant correctly notes, "[t]o measure congestion, courts compare the two fora's median time from filing to disposition or trial." *Center for Food Safety v. Vilsack*, No. C 11-00831 JSW, 2011 WL 996343, at *8 (N.D. Cal. Mar. 17, 2011). For the twelve month period ending on September 30, 2020, the median time in months from filing to disposition in this district is one month less than in the District of Arizona (11.4 in the Northern District of California; and 12.2 months in the District of Arizona).[4] However, the median time in months from filing to trial for civil cases in this district is 44.5 months, compared to 32.6 months in the District of Arizona.[5] Additionally, judges in this district averaged 870 pending cases, while judges in the District of Arizona averaged 548.6.[6]

## IV. CONCLUSION

Plaintiff's choice of forum is afforded little deference in this case and on balance, the relevant factors considered on a § 1404(a) motion weigh in favor of transfer to the District of

---

[4] Available at: https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2020/09/30-3.
[5] See footnote 4, *supra*.
[6] *Id*.

Case No.: 20-cv-08099-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE
7

Arizona. Accordingly, the Court **GRANTS** Defendant's motion to transfer venue to the District of Arizona. The Clerk shall transfer the file to the District of Arizona.

**IT IS SO ORDERED.**

Dated: August 16, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 20-cv-08099-EJD
ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE
8